UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:19-CR-115-2-TLS-JPK |
| CASSANDRA VIXAMA | |

**OPINION AND ORDER**

Defendant Cassandra Vixama pleaded guilty to Counts 7 and 8 of the Indictment [ECF No. 1] charging her with wire fraud in violation of 18 U.S.C. § 1343. *See* Change of Plea Hearing, ECF No. 95. She is awaiting sentence. The United States Probation Office prepared a Presentence Investigation Report (PSR) [ECF No. 142] to which the Defendant has raised two objections. *See* Addendum to the PSR, ECF No. 143. At a telephonic sentencing status conference held on November 17, 2020 [ECF No. 163], the Defendant represented that she does not request a hearing or additional briefing on the objections and that she is relying on her arguments set forth in the Addendum to the PSR [ECF No. 143]. For the reasons set forth below, the Defendant's objections are OVERRULED.

**A.     Offense Conduct**

In her first objection, the Defendant asserts that she does not know and has never met co-Defendants James Celestin or Ahmari Maholmes. Therefore, she argues that she should not be responsible for a greater loss because it was not reasonably foreseeable. Because the Court may consider the reasonably foreseeable acts of co-schemers within the scope and in furtherance of a jointly undertaken criminal activity, even if the Defendant did not know certain of the co-schemers' identities, the Court overrules the objection.

For purposes of sentencing, the Court may consider

> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—
> (i) within the scope of the jointly undertaken criminal activity,
> (ii) in furtherance of that criminal activity, and
> (iii) reasonably foreseeable in connection with that criminal activity; . . . .

U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (U.S. Sentencing Comm'n 2018). This principle allows sentencing courts to hold a defendant accountable for acts that are "reasonably foreseeable to the defendant even though committed by others, that furthered a criminal activity that [she] had agreed to undertake jointly with those others." *United States v. Davison*, 761 F.3d 683, 685 (7th Cir. 2014) (citations omitted). "A defendant need not know of a coconspirator's actions for those actions to be reasonably foreseeable." *United States v. Sykes*, 774 F.3d 1145, 1151 (7th Cir. 2014) (citing *United States v. Aslan*, 644 F.3d 526, 537 (7th Cir. 2011) ("Foreseeability is not equivalent to actual knowledge.")).

Here, based on the Court's review of the record, the acts of the co-schemers included in the loss were part of the jointly undertaken criminal activity and were reasonably foreseeable to the Defendant based on the extent of her involvement in and knowledge of the scheme. The loss amounts are attributed to co-Defendants Ahmari Maholmes, James Celestin, Pierre Yates, and Jerry Francis. *See* Indictment, ECF No. 1. Although the Defendant states that she did not know Ahmari Maholmes or James Celestin, she does not dispute that she knew Jerry Limage, Pierre Yates, and Jerry Francis. It is irrelevant whether the Defendant knew every member of the scheme or the actions they took. Accordingly, the Court overrules the objection.

**B.  Communication with Egyptians**

The Defendant objects to an enhancement under United States Sentencing Guideline § 2B1.1(b)(10)(B) based on a substantial part of the fraudulent scheme being committed outside of the United States. S*ee* U.S. Sentencing Guidelines Manual § 2B1.1(b)(10) (U.S. Sentencing

Comm'n 2018). The Defendant contends that she did not communicate with Egyptian conspirators, that Jerry Limage sent text messages to the Egyptians, and that she did not send text messages to the Egyptians. *See* Sentencing Memorandum 1, ECF No. 153. However, the Court's review of the record shows that the Defendant knew that there were Egyptians involved in the scheme. The Defendant has not offered a basis for disputing that "a substantial part of a fraudulent scheme was committed from outside the United States." U.S. Sentencing Guidelines Manual § 2B1.1(b)(10) (U.S. Sentencing Comm'n 2018). Therefore, the Court overrules the objection.

## CONCLUSION

For the reasons stated above, the Defendant's two Objections to the Presentence Investigation Report [ECF No. 143] are OVERRULED.

SO ORDERED on November 19, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT